RUTH F. PULLAN *vs.* HENRY H. TOWNSHEND.

RICHARD A. PULLAN *vs.* SAME.

JANUARY 19, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J.   These are actions of trespass on the case for negligence brought by a husband and wife to recover for personal injuries and loss caused by the negligent operation of defendant's automobile.   The cases were tried together in the Superior Court and at the close of the testimony the trial justice granted the defendant's motion for the direction of a verdict in each case.   The cases are here on plaintiffs' exceptions to this ruling.

The accident which forms the basis of these actions occurred east of Nasonville, Rhode Island, on the Victory Highway, so-called.   This is a new rock and tar-surfaced highway twenty-five feet wide, with a three-foot shoulder on each side and a white traffic line along its center. Nearing the place of the accident from the west the road curves slightly northward and somewhat down-grade.   At the time of the accident the surface of the road was wet, as rain had been falling for some time.

Plaintiff Pullan, with his wife sitting beside him, was driving his Ford coach westerly at a speed estimated by him to be twenty-five miles per hour.   Both plaintiffs testified that they observed defendant's automobile for the

first time when it was about fifty feet away and on its right side of the road. Mrs. Pullan testified that immediately thereafter she called her husband's attention to water dripping upon her from the hood and that she did not again observe defendant's automobile or see the collision occur. She and her husband both testified that, as they had previously discussed this leakage, Mr. Pullan did not look down but continued to watch the road.

Defendant contends that a logical explanation of the collision is that through the above conversation Mr. Pullan's attention was withdrawn from the road and he thus lost control of his automobile. Defendant testified that, accompanied by two passengers, he was driving his Franklin sedan easterly at about thirty miles per hour and first saw the other automobile about 300 feet away coming around the curve on defendant's right side of the road, but that shortly thereafter it returned to its right side of the road. He stated that during the time in question he was not conversing with anyone but was watching the road.

According to their testimony, neither driver saw anything in the operation of the other vehicle immediately before the collision to suggest that such an accident would happen, and each denied that before the collision his automobile skidded.

The accident occurred when the left front wheel of the Ford collided with and partially shattered the left rear wheel of the Franklin. Apparently the hub, or what remained of the wheel of the Franklin, made a mark in the road beginning at the white center line and ending five feet over on plaintiffs' right side of the road. Glass and rusty water were found about two feet over the white line on defendant's right side of the road. It appeared in testimony that after the impact the Ford went straight ahead for about twenty-four feet and the Franklin veered to a place about twenty feet ahead and five feet over on plaintiffs' right side of the highway. Positions of the two vehicles were noted by a state trooper, and later other measurements in the vicinity of the accident were taken.

The two passengers in defendant's automobile corroborated his testimony as to his operation thereof, but testified that Mr. Pullan's automobile was "coming rather fast"—according to one of them, about thirty miles per hour—and that it lurched twice over the center line upon defendant's side of the road. They did not see the collision occur.

The only other witnesses to the accident were Charles and James Murphy. Charles testified that he observed the collision from the doorway of his diner, about 257 feet to the east. At the trial he contradicted a statement which he had previously signed and concurred in the testimony of his brother James, who at the time of the collision was waiting on a customer at a filling station east of the diner, to the effect that the Ford passed him going slowly, was always two feet to its right of the white line and did not sway or skid at all; that the Franklin, coming from the opposite direction, was going fast, about two feet to its left over the white line; that defendant suddenly applied his brakes and the Franklin "slid" into the Ford.

This court has repeatedly held that when the testimony is conflicting the question of the credibility of witnesses and the preponderance of evidence must be determined by a jury, unless as a matter of law the plaintiff was guilty of contributory negligence or unless it can be said that there was no legal evidence which would justify a verdict for plaintiff. *Young* v. *Thornley*, 166 Atl. 690; *Nahabedian* v. *United Electric Railways Co.*, 50 R. I. 455; *Riley* v. *Tsagarakis*, 50 R. I. 62; *Gilbane* v. *Lent*, 41 R. I. 462; *Reddington* v. *Getchell*, 40 R. I. 463; *Carr* v. *American Locomotive Co.*, 31 R. I. 234.

The defendant, in urging that his motion for directed verdicts was properly granted, relies *inter alia* upon the rule set forth in *Whalen* v. *Dunbar*, 44 R. I. 136, to the effect that testimony inconsistent with uncontroverted physical facts is of no evidentiary value and should be disregarded.

In the instant cases, if the physical facts in evidence render it unlikely that the accident happened as testified to by the Murphy brothers, this would affect the weight of the

evidence; but, as the record discloses no physical facts which definitely indicate that the accident could not have happened as testified to by them, all the evidence should be weighed and determined by a jury. The ruling of the trial justice granting defendant's motion for directed verdicts was error.

Plaintiffs' exceptions are sustained and each case is remitted to the Superior Court for a new trial.

MURDOCK, J., dissenting. I am unable to concur in the foregoing opinion. This case clearly falls under the rule laid down in the case of *Whalen* v. *Dunbar*, 44 R. I. 136, wherein it is said that: "When testimony is opposed to established physical facts the testimony must yield to such facts." This case has never been directly overruled or modified and therefore has the same weight as a precedent as the cases upon which the majority rely. If the majority opinion correctly states the rule of law, then *Whalen* v. *Dunbar, supra,* is, for all practical purposes, overruled.

The question is not whether there was legal evidence to justify a verdict but whether such evidence is in conflict with established physical facts and therefore should be disregarded. In *Whalen* v. *Dunbar, supra,* there was enough legal evidence, in the opinion of the trial justice, to warrant submission of the case to the jury and to justify his approval of the verdict in favor of the plaintiff. Yet this court found that such legal evidence was so opposed to the established physical facts that it must yield to the same.

The only evidence of negligence on the part of the defendant is the evidence of the Murphy brothers. This evidence not only conflicts with the physical facts but conflicts with the testimony of the plaintiffs themselves. They did not claim that defendant was driving beyond the white line on his left as the Murphy brothers say that he was. Plaintiffs' case, as stated in their brief, rests on the following proposition: "Plaintiffs' theory is that that application of the brakes caused the Franklin car to skid into the plaintiffs' car on this wet sloping curve."

122

In the first place there is no credible evidence that defendant applied his brakes at or near the place where the accident occurred. One of the Murphy brothers so testified but he was over two hundred feet away and consequently his testimony as to the application of the brakes was nothing more than a guess. If before the collision there had been a skid of defendant's car over the white line on to plaintiffs' side of the road, there would have been skid marks indicated on the wet pavement. There was no evidence of the existence of such marks.

The undisputed physical evidence is that, after the left rear wheel of the defendant's car was partially demolished by the impact with the front part of plaintiffs' car, the course of defendant's car was indicated by the impression on the pavement made by the rim of the rear left wheel. This rim mark started in the white line and ran in a northeasterly direction. There is no evidence, physical or otherwise, that the rear of defendant's car rebounded or was pushed in a southerly direction from the plaintiffs' side of the white line. Had there been such a movement of defendant's car, it would have been indicated on the wet pavement by skid marks.

It is undisputed that there was no physical evidence of a direct southerly movement of defendant's car, and that the marks on the pavement indicated a movement in a northeasterly direction. Therefore, plaintiffs' theory can be sustained only by assuming an incredible act of levitation during which the rear of defendant's car was borne laterally through the air in a southerly direction, which lateral movement ceased the precise instant that the rim of the left rear wheel came in contact with the pavement. The direction followed by defendant's car as established by the rim marks, coupled with the fact that rusty water which could have come only from the radiator of plaintiffs' car (the defendant's car being a Franklin and air-cooled) and glass from plaintiffs' car were found well over on defendant's side of the road, points conclusively to that side of the road as the place of

impact between the two cars. Opposed to these undisputed physical facts there is only the testimony of one of the Murphy brothers which is inconsistent therewith. Moreover, the testimony of both brothers is inconsistent with the statements made by them to a state trooper a few minutes after the accident occurred and is also inconsistent with the testimony of the plaintiffs themselves.

We have held that evidence, when opposed to the overwhelming preponderance of other evidence and the circumstances of the case, amounts to no more than a mere scintilla and may be disregarded. *McNear* v. *American & British Mfg. Co.*, 44 R. I. 190; *Conaty* v. *Galkin*, 52 R. I. 410.

I am therefore of the opinion that plaintiffs' exceptions should be overruled and the case remitted to the Superior Court for the entry of judgment on the verdict as directed.

RATHBUN, J. I concur in the opinion of Mr. Justice MURDOCK. It is a well recognized rule that testimony opposed to established physical facts will be disregarded. A jury should never be permitted to find testimony to be true when the contrary is demonstrated by physical laws. *Whalen* v. *Dunbar, supra.*

*Grim & Littlefield, Benjamin W. Grim, Matthew W. Goring,* for plaintiffs.

*Henshaw, Lindemuth & Baker,* for defendant.